# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| CLAUDIA M. JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 15 cv 113 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits (DIB) and supplemental security disability benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §416, claiming mental limitations. Briefing concluded June 7, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to properly asses the medical opinion of her consultative psychologist, (2) erred in the weight given to her therapist, and (3) failed to properly consider her Veteran's Administration (VA) disability rating, when formulating the Residual Functional Capacity (RFC.) Plaintiff asserts that the Commissioner's decision is thus not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's]

> decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Plaintiff's first claim is that the ALJ gave too little weight to a November 2013 consultative report by Harlan Stientjes, Ph.D. Dr. Stientjes estimated in that report that plaintiff had a low average general intellectual ability and was capable of independently managing her finances. Dr. Stientjes also observed plaintiff was slow to interpret simple instructions and required repetition. The ALJ accounted for that when finding plaintiff needed simple work with little or no judgment and no work at a production pace. The ALJ concluded that Dr. Stientjes' report was consistent with an individual who could engage in unskilled work tasks.

The ALJ made a finding that plaintiff had the RFC for work at all exertional levels, but with mental limitations. The ALJ determined plaintiff was limited to tasks learned in 30 days or less involving no more than simple work decisions and requiring little to no judgment with only occasional workplace changes. Plaintiff should have no interaction with the public and no more than occasional interaction with coworkers and supervisors. Plaintiff should not do any work at a production-rate pace. The ALJ's RFC finding corresponds to unskilled work. Unskilled work is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). *Id.* Plaintiff's past work as a kitchen helper, which the ALJ determined she could perform, was unskilled, and, as the vocational expert testified, would accommodate plaintiff's RFC.

After thorough review of Dr. Stientjes' report, the court finds that the doctor made various detailed findings about plaintiff's limitations, and then made certain conclusions about how those limitations would affect her ability to work. The ALJ accepted most or all of Dr. Stientjes' limitations, but then, based on hypothetical questions to a vocational expert (VE) containing those limitations, determined that there were in fact jobs which the plaintiff could perform, disagreeing with the conclusion of disability (but not with the actual limitations) of Dr. Stientjes. Specifically, the ALJ found, based on the VE's testimony in response to a question incorporating Dr. Stientjes' limitations, that plaintiff could perform her past work as a kitchen helper.

This acceptance of the detailed limitations in a medical opinion but conducting of an independent determination of disability, while using the limitations in a hypothetical question to a VE, is exactly how the distribution of responsibility between the medical expert and the ALJ (together with the VE) is supposed to work. Smith v. Colvin, 756 F.3d 621, 625-26 (8th Cir. 2014); see also 20 C.F.R. §§ 404.1527(1)(2), 416.927(1)(2); SSR 96-5p. There is no error in this regard.

Plaintiff's second claim is that the ALJ gave too little weight to the opinion of her therapist. The ALJ gave supported reasons for assigning some, but not full, weight to an opinion by Ms. Taylor-Hillyer, plaintiff's therapist. In November 2013, Ms. Taylor-Hillyer used a VA form to check that plaintiff had "occupational and social impairment with reduced reliability and productivity." Using the VA's criteria, Ms. Taylor-Hillyer diagnosed plaintiff with post-traumatic stress disorder (PTSD). Ms. Taylor-Hillyer checked that plaintiff had a number of symptoms; however, she believed plaintiff could manage her own funds.

Ms. Taylor-Hillyer was not a "medical source" as the regulations define that term. Her opinion was due less weight than a medical source and she could not offer a medical opinion. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *see* Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007). The ALJ had the option to consider Ms. Taylor-Hillyer's opinion so long as it was not wholly inconsistent with other opinions from treating physicians. *See* Crawford v. Colvin, 809 F.3d 404, 408 (8th Cir. 2015); 20 C.F.R. §§ 404.1513(d), 416.913(d) (the Commissioner "*may* also use evidence from other sources.") (emphasis added).

The ALJ gave little weight to Ms. Taylor-Hillyer's opinion because it was marred by inconsistencies and was inconsistent with the rest of the record. Specifically, the ALJ discussed Ms. Taylor-Hillyer's opinion that plaintiff was quite limited due to impaired impulse control even though plaintiff was capable of managing her own finances. Furthermore, Ms. Taylor-Hillyer was not consistent about plaintiff's impulse control, finding plaintiff unimpaired on at least one evaluation form. Also, plaintiff's treatment notes from May 2013, authored by Qadnama Anwar, M.D., confirmed plaintiff denied depression, anxiety, or memory loss.

The ALJ discussed a number of treatment notes dated the same month or shortly after Ms. Taylor-Hillyer's November 2013 opinion showing medication improved and controlled plaintiff's depression. In January 2014, treatment notes from Ali Safdar, M.D., showed plaintiff denied any significant depression and her memory was intact. Dr. Safdar also observed plaintiff was alert, oriented, and had fair insight and judgment. In January 2015, after plaintiff received her 100% disability rating from the VA, Linda Madson, Ph.D., saw plaintiff at an Iowa VA facility on an initial intake interview. Plaintiff

reported her depression symptoms were generally under good control. While she had severe anxiety attacks in the past, therapy had given her some coping techniques and she had not had any attacks in the past several months. She was taking several college courses. Dr. Madson described plaintiff as fully oriented and casually dressed and groomed, with normal speech and a euthymic mood. Plaintiff had no thought disorder or suicidal thoughts. She had an intact memory and good insight and judgment. Plaintiff told Dr. Madson that therapy was very helpful in teaching her coping mechanisms to deal with anxiety and depression symptoms. Dr. Madson again described plaintiff as fully oriented, casually dressed and groomed, with an anxious mood, normal speech, logical associations, intact remote memory, some complaints with short term memory, and good insight and judgment. At the time, plaintiff was attending school three days a week. Dr. Madson observed plaintiff seemed "scattered and depressed" but plaintiff admitted she had been taking her medication only about half the time. Dr. Madson encouraged plaintiff to improve her medication compliance. An ALJ need not include limitations in the work capacity assessment that stem from the claimant's noncompliance. *See* Wildman, 596 F.3d at 969-70. The ALJ's decision to give this therapist's opinion little or no weight is supported by the record.

Regarding plaintiff's third and last claim, that the ALJ gave too little weight to the fact that the VA rated her as disabled, the ALJ weighed plaintiff's 100% service-related VA disability rating and explained why he did not equate it to disability under SSA's standards. The ALJ stated, "It is clear; however, that determining whether an individual receives social security benefits is done so using separate rules and regulations and the

standards are inherently different." Thus, the ALJ decided to give some, but not determinative, weight to the VA rating.

While the ALJ should consider the disability findings of other agencies, a VA disability rating is not binding on the Commissioner. *See* Smith, 756 F.3d at 625; 20 C.F.R. §§ 404.1504, 416.904. The VA and SSA strongly differ on how they define disability. *See* Umar Moulta-Ali, Cong. Research Serv., *Disability Benefits Available Under the Social Security Disability Insurance (SSDI) and Veterans Disability Compensation (VDC) Programs* (2012). SSA compensates those who have a complete inability to work and "[t]he ability to work is not factored into [VA] determinations." *Id.*

Plaintiff cites to an October 1, 2014 opinion by a VA physician, Jeanette H. Oleskowicz, M.D. Dr. Oleskowicz was not a treating physician. The ALJ's decision showed that he considered a number of VA treating physicians' records when making his decision. Plaintiff's VA treatment records start in June 2014 and the ALJ cited to this exhibit when noting plaintiff's depression was under good control and she reported how much therapy helped with her symptoms. Both of the ALJ's specific citations were to VA records dated after plaintiff received her VA disability rating. Therefore, the ALJ's consideration of both plaintiff's VA rating and VA treatment records provide sufficient evidence to affirm the ALJ's decision to give some, but not controlling, weight to plaintiff's VA rating, including Dr. Oleskowicz's opinion.

In sum, the record demonstrates that the ALJ properly considered all of the evidence and accounted for all of the limitations the record established. Plaintiff's arguments to the contrary amount to a request that the Court impermissibly reweigh the

evidence in plaintiff's favor. *See* Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992); Hurd, 621 F.3d at 738 (citing Howard, 255 F.3d at 581).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

June 14, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT